UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                             Case No.: 09-32409-BKC-PGH
                                                   Chapter 7 proceeding

SUSAN ELAINE WATFORD,

    Debtor.
_____/

## TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS AND APPLICATION FOR TURNOVER

The Trustee, Deborah C. Menotte, by and through undersigned counsel, hereby files this Objection to Claimed Exemptions and Application for Turnover, and states:

1.    This voluntary Chapter 7 bankruptcy was filed on October 16, 2009.  Deborah C. Menotte has been appointed as the Chapter 7 Trustee.

2.    The Debtor's Schedule A discloses that the Debtor owns, jointly with her non-debtor husband, real property described as Lots 138, 151 & 152, Talking Rock Creek Sub., Gordon County GA ("Real Property").

3.    The Debtor's Schedule C claims such Real Property as exempt pursuant to 11 U.S.C. § 522(b)(3)(B).   The Debtor is attempting to claim the Real Property as tenants by the entireties when the face of the Deed for such Real Property demonstrates that such Real Property is not held as tenants by the entireties. Such Deed is attached hereto as Exhibit "1".  Georgia law requires that a deed state that the property is tenants by the entireties to be exempt.

4.    Pursuant to 11 U.S.C. §541 any interest in the Real Property owned by the Debtor became property of the bankruptcy estate on the date of the bankruptcy filing.  Accordingly, the bankruptcy estate owns a one half (1/2) interest in such Real Property as a tenant in common.

5.     The Trustee objects to such claimed exemption.

§522(b)(3)(B) provides that:

any interest in property in which the debtor had, immediately before the
commencement of the case, an interest as a tenant by the entirety or joint
tenant to the extent that such interest as a tenant by the entirety or joint
tenant is exempt from process under applicable non-bankruptcy law;…

6.     Section 522(b)(3)(B) has typically been relied upon by debtors to claim property

held as tenants by the entirety as exempt because state law in the State of Florida provides such

an exemption.   The Court must look at the law of the state where the Real Property is located,

which is why Georgia law would apply.

7.     The Trustee seeks an order sustaining the Trustee's objection to any claimed

exemption of the Real Property described as Lots 138, 151 & 152, Talking Rock Creek Sub.,

Gordon County GA, and authorizing the Trustee to administer the estate's ownership interest in

such Real Property.

8.     The Debtor lists on her Schedule B-25 a 2006 Ford Mustang valued at

$14,000.00, which the Debtor claims as exempt on her Amended Schedule C pursuant to Fla.

Stat. Ann. § 222.25(1), and an exemption pursuant to Fla. Stat. Ann. § 222.25(4) in the amount

of $2,230.00.   Such vehicle is owned with the non-debtor husband, but the vehicle title states

"Or" rather than "And", therefore, the Debtor's half interest is subject to administration.   The

Trustee disputes the value of the automobile that exceeds the Debtor's $1,000.00 allowed

exemption.

9.     The Trustee objects to such claimed exemptions that the Debtor is receiving

pursuant to Fla. Stat. Ann. §222.25(4), as  the Debtor has claimed the homestead exemption on

her Schedule C pursuant to 11 U.S.C. § 522(b)(3)(B).   Since the Debtor has, in fact, claimed the

homestead exemption and is receiving the benefits of the homestead exemption, she is not

RM:7121255:1

entitled to claim Fla. Stat. § 222.25(4).    *In re Franzese*, **383 B.R. 197 (Bankr.M.D.Fla. 2008)**

(property claimed as exempt as tenants by the entirety which was also homestead precluded

Debtor from asserting §222.25(4)).

10.    Pursuant to Fla. Stat. Ann. §222.25(4):

> "A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. This exemption does not apply to a debt owed for child support or spousal support."

11.    11 U.S.C. § 542(a) provides:

> "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property unless such property is of inconsequential value or benefit to the estate."

12.    Accordingly, the Trustee seeks an order from the Court sustaining the Trustee's

objection to the claimed exemption of the Debtor's 2006 Ford Mustang, determining that the

amount of such automobile that exceeds the Debtor's total $1,000.00 allowed exemption is

property of the bankruptcy estate, and requiring the Debtor to turn over such automobile to the

Trustee to be administered for the benefit of the estate, whereby the Debtor's $1,000.00

exemption entitlement will be remitted to the Debtor from the sale of such vehicle, and the non-

debtor husband shall receive his one-half interest from the sale of such vehicle.

WHEREFORE, the Trustee, Deborah C. Menotte, by and through undersigned counsel,

respectfully requests that the Court, enter an order sustaining the Trustee's objection to any

claimed exemption of the Real Property described as Lots 138, 151 & 152, Talking Rock Creek

Sub., Gordon County GA, and authorizing the Trustee to administer the estate's ownership

interest in such Real Property, requiring the Debtor to turn over the 2006 Ford Mustang to the Trustee to be administered for the benefit of the estate, whereby the Debtor's $1,000.00 exemption entitlement will be remitted to the Debtor from the sale of such vehicle and the non-debtor husband shall receive his one-half interest from the sale of such vehicle, plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail to: **Susan E. Watford**, 2585 88th Court, Vero Beach FL 32966, on this the 20 day of January 2010.

**Notice will be electronically mailed to:**
Leon G. Nichols – attylgn@bellsouth.net
Deborah Menotte – menottetrustee@bellsouth.net
Office of the U.S. Trustee – USTPRegion21.MM.ECF@usdoj.gov

RUDEN, MCCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.


MICHAEL R. BAKST, ESQ.
Attorney for Trustee
Florida Bar No.: 866377
222 Lakeview Ave., Suite 800
West Palm Beach FL 33401
(561) 838-4523
(561) 514-3423 (facsimile)

100119/dlc

RM:7121255:1