UNITED STATES BANKRUPTCY COURT
Southern District of Florida
www.flsb.uscourts.gov

In re:

SUSAN ELAINE WATFORD,                    Case Number: 09-34209-EPK

    Debtor                               Chapter: 7
_____/

## DEBTOR'S OPPOSITION TO TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS AND APPLICATION FOR TURNOVER

The Debtor, by and through her undersigned attorney, hereby files this Opposition to Trustee's Objection to Claimed Exemptions and Application for Turnover, and states:

The Debtor has claimed the real property described as Lots 128, 151 and 152, Talking Rock Creek Subdivision, Gordon County, GA as exempt under 11 U.S.C. Section 522(b)(3)(B), and the Florida Supreme Court case of BEAL BANK, SSB v. ALMAND AND ASSOC., 780 So.2D 45, 53 (Fla. 2001).

The State of Georgia, like Florida and North Carolina, have opted-out of the Federal Exemptions of Section 522(d), and they all recognize a TBE Exemption in the absence of joint creditors. Georgia depends on State law for both substance and procedure, as does Florida. In re McRAE 282 B.R. 704 (Bankr. N.D. Fla. 2002). In the Georgia case, SAMS v. McDONALD, 160 S.E. 2d 594 117 Ga.App. 336 (1968), the Court stated:

> A tenancy by the entirety is one created between a husband and wife whereby together they hold title to the whole with right of survivorship.

In the same case, (page 797) in a concurring opinion, EBERHARDT, Judge, wrote:

> An estate by the entirety is, at common law, one created by conveyance to a husband and wife jointly, the two holding as a unit title to the whole with the survivor taking to the exclusion of the heirs of the deceased. Chambers v. Chambers, 92 Tenn. 707, 23 S.E. 67; Oglesby v. Bingham, 69 Miss. 795, 13 So. 852; Noblitt v. Beebe, 23 Or. 4, 35 P. 248. And see 26 Am.Jur. 692, Husband and Wife Sec. 66, et seq. In Blackstone's Commentaries, Book II, Chapter XII, where the subject of joint tenancies is discussed it is asserted that 'husband and wife, being considered as one person in law, they cannot take the estate by moieties, but both are seised by the entirety-per tout, et non per my.'

In the Florida Supreme Court case of LOSEY v. LOSEY, 221 So 2d 417 (1969), on page 418 the Court stated:

> the long standing doctrine of the cases holding " Where property is acquired specifically in the name of both husband and wife, they become seized of the estate thus granted per tout et non per my, and not as * * * tenants in common. * * * There can be no severance of the estate by the act of either.

In paragraph 3, of the Trustee's Objection to Claimed Exemptions and Application for Turnover, the Trustee states that Georgia law requires that a deed state that the property is tenants by the entireties to be exempt, however, the Trustee cites no Georgia law, either statutory or case law, in support of the Trustee's statement. The Debtor contends that when a married couple take title to real property, the title is held as an estate by the entirety and attached to this document is an affidavit of continuous marriage executed by the Debtor. The Debtor cites Attorney's Title Insurance Fund Title Note, TN 20.01.15., which states as follows:

**TN 20.01.15   Deed to Married Persons Not Described as Husband and Wife**

> Even though a deed does not specify that the grantees take by the entirety and even though they are not referred to as husband and wife in the deed, a tenancy by the entireties is created if the grantees are in fact husband and wife in the absence of a contrary expression of intent in the deed. *American Central Ins. Co. Of St. Louis, Mo. V. Whitlock*, 165 So. 380 Fla. 1936); and *Espenship v. Carter*, 514 So. 2d 1108 (Fla. 1st DCA 1987). The recording of an affidavit of marital status in such cases would be an appropriate method for establishing the form of tenancy created by such a deed. Title Standard 6.1. The form of the tenancy created can be important if a judgment is recorded against one of the grantees or if one of the grantees should die while still in title. See **TN 18.03.05** and **TN 20.02.10.**

The Trustee stated at the continuation of the 341 Meeting of Creditors held on December 22, 2009, that the title of the Ford Mustang had the word "or" rather than "and" in stating that the automobile was held as joint tenants rather than tenancy by entireties. The Debtor filed an Amended Schedule B and C, claiming her equity in the ½ ownership of the automobile under Section 222.25(4) Florida Statutes. (The value of the automobile was claimed to be $14,000.00, with a secured lien in the approximate amount of $8,000.00, therefore, her ½ equity would be $3,000.00. In Schedule A and Schedule C, the Debtor listed her home as an estate by entirety under 11 U.S.C. Section 522(b)(3)(B) and BEAL BANK case and not exempt under Section 4,

Art. X of the State Constitution, therefore, the Debtor is entitled to use the personal property exemption under Section 222.25(4) Florida Statutes.  See In Re ABBOTT 408 B.R. 903 (Bankr. S.D. Fla. 2009).

I HEREBY CERTIFY that I am admitted to the Bar of the United States Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 1090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to Michael R. Bakst, Attorney for Trustee, Deborah Menotte, Trustee, and to the office of the U.S. Trustee this 2nd day of February, 2010.

LEON G. NICHOLS
Attorney for Debtor
735-D Commerce Center Dr.
Sebastian, FL 32958
Florida Bar No. 058744
Telephone: (772) 581-0050
Facsimile: (772) 581-0051

By_____
LEON G. NICHOLS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

SUSAN ELAINE WATFORD,

Case No: 09-32409-EPK
Chapter 7 proceeding

Debtor
_____/

## AFFIDAVIT OF CONTINUOUS MARRIAGE

Before me the undersigned authority, personally appeared Susan Elaine Watford, who after being duly sworn, deposes and says as follows:

1. Affiant, Susan Elaine Watford, is the Debtor in this cause.

2. Affiant states that she has been continuously, and without interruption, married to William H. Watford since June 12, 1976, through the date of this Affidavit.

3. Affiant states that when she and her husband, William H. Watford received the title to the Georgia property, a copy of which is marked Exhibit "1" to Trustee's Amended Notice of filing Exhibit "1" to Objection to Claimed Exemptions and Application for Turnover, their intent was to receive title as an estate by the entireties as such is defined by the common law and they had no contrary intent.

_____
Susan Elaine Watford

STATE OF FLORIDA
COUNTY OF INDIAN RIVER

Sworn to and subscribed to before me by Susan Elaine Watford, on this 25 day of January, 2010.

NOTARY PUBLIC-STATE OF FLORIDA
Leon G. Nichols
Commission # DD666017
Expires: MAY 04, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

_____
Notary Public