

**ORDERED in the Southern District of Florida on April 13, 2010.**

Erik P. Kimball, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                          Case No. 09-32409-EPK

SUSAN ELAINE WATFORD,                            Chapter 7

      Debtor.
_____/

ORDER (A) DENYING THE DEBTOR'S MOTION FOR
SUMMARY JUDGMENT [DE 52] AND (B) GRANTING
SUMMARY JUDGMENT IN FAVOR OF THE TRUSTEE

THIS MATTER came before the Court for hearing on March 22, 2010 upon the *Motion for Summary Judgment and Memorandum of Law in Support of Debtor's Motion for Summary Judgment* [DE 52] (the "Motion for Summary Judgment") filed by Susan Elaine Watford (the "Debtor"). The Debtor requests judgment in her favor on the relief requested in the *Trustee's Objection to Claimed Exemptions and Application for Turnover* [DE 27] (the "Objection to Exemptions") filed by Deborah C. Menotte as chapter 7 trustee (the "Trustee"). The Court considered the Motion for Summary Judgment, the Objection to Exemptions, supporting memoranda, and the arguments of counsel at the March 22, 2010 hearing, and is otherwise fully

1

advised in the premises. For the reasons stated below, the Court denies the Motion for Summary Judgment filed by the Debtor and grants summary judgment in favor of the Trustee against the Debtor.

I.     Background and Facts

On October 16, 2009, the Debtor filed a petition commencing the above-captioned chapter 7 case. The Trustee was duly appointed as chapter 7 trustee in this case.

The Debtor's schedules list her interest in two parcels of real property. The first parcel is located in Vero Beach, Florida (the "Florida Property"), and the second parcel is located in Gordon County, Georgia (the "Georgia Property"). The Debtor claimed her interest in both the Florida Property and the Georgia Property exempt from property of the estate under 11 U.S.C. § 522(b)(3)(B).

The Debtor's schedules also list her interest in a "2006 Ford Mustang automobile" (the "Vehicle"). The Debtor claimed $2,230.00 of her interest in the Vehicle exempt pursuant to section 222.25(4) of the Florida Statutes and $1,000.00 of her interest in the Vehicle exempt pursuant to section 222.25(1) of the Florida Statutes.[1]

On January 20, 2010, the Trustee filed her Objection to Exemptions, objecting to the claimed exemption in the Georgia Property and the claimed exemption of $2,230.00 in the Vehicle. The Debtor filed her *Debtor's Opposition to Trustee's Objection to Claimed Exemptions and Application for Turnover* [DE 41]. The Court set the Trustee's Objection to Exemptions for evidentiary hearing on March 22, 2010. The Trustee subsequently filed the *Trustee's Memorandum of Law in Support of and Supplement to the Trustee's Objection to*

---

[1] The Debtor initially claimed her entire interest in the Vehicle exempt under 11 U.S.C. § 522(b)(3)(B). She filed her first amended Schedule C [DE 25] on January 6, 2010, deleting the reference to 11 U.S.C. § 522(b)(3)(B) and claiming a $1,000.00 exemption under section 222.25(1) of the Florida Statutes and a $2,230.00 exemption under section 222.25(4) of the Florida Statutes.

2

*Claimed Exemptions and Application for Turnover and in Reply to Debtor's Opposition of Trustee's Objection to Claimed Exemptions* [DE 45].

On February 24, 2010, the Debtor filed her Motion for Summary Judgment, which was set for hearing with the Trustee's Objection to Exemptions on March 22, 2010.

II.     Summary Judgment Standard

Federal Rule of Civil Procedure 56(c), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir. 2001).

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323. "[O]nce the moving party has met that burden by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, Federal Rule of Civil Procedure 56(e) shifts to the non-moving party the burden of presenting specific facts showing that such contradiction is possible." *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing

3

party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

III.  Analysis

*(a) Debtor's Claimed Exemption of the Georgia Property under Section 522(b)(3)(B)*

Section 522(b)(3)(B) provides that a debtor may exempt property "in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." The Debtor claims that her interest in the Georgia Property is that of a tenant by the entirety, that such interest is exempt from process under Georgia law, and that it is exempt under section 522(b)(3)(B). The Trustee argues that under Georgia law the Debtor's interest in the Georgia Property is that of a tenant in common, a severable interest subject to process, and that it is not exempt under section 522(b)(3)(B).

The parties agree that Georgia law is the relevant nonbankruptcy law under section 522(b)(3)(B) for purposes of this case. By statute, Georgia law provides that a deed conveying real property to two or more persons is presumed to create a tenancy in common unless the deed expressly states that the grantees take as "joint tenants," "joint tenants and not as tenants in common," "joint tenants with survivorship," or "jointly with survivorship."[2] Georgia case law uniformly provides that an instrument granting an interest in property to two or more individuals creates a tenancy in common unless the instrument expressly states that the grantees take such

---

[2]  Section 44-6-190(a) of the Official Code of Georgia provides: "Deeds and other instruments of title, including any instrument in which one person conveys to himself and one or more other persons, any instrument in which two or more persons convey to themselves or to themselves and another or others, and wills, taking effect after January 1, 1977, may create a joint interest with survivorship in two or more persons. Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as 'joint tenants,' 'joint tenants and not as tenants in common,' or 'joint tenants with survivorship' or as taking 'jointly with survivorship.'"

4

interest subject to a right of survivorship. *E.g.*, *Williams v. Studstill*, 306 S.E.2d 633, 634-35 (Ga. 1983); *Sams v. McDonald*, 160 S.E.2d 594, 598 (Ga. Ct. App. 1968).

The deed by which the Debtor obtained her interest in the Georgia Property[3] shows the grantees as "William H. Watford & Susan E. Watford." Under Georgia law, this deed created a tenancy in common. Such interest is not exempt under section 522(b)(3)(B).

By its terms, Section 44-6-190(a) of the Official Code of Georgia encompasses all deeds to two or more persons, whether or not married. In spite of this, the Debtor argues that Georgia recognizes the common law form of tenancy by the entirety. For this proposition, the Debtor cites *Sams v. McDonald*, 160 S.E.2d 594 (Ga. Ct. App. 1968). In *Sams v. McDonald*, the court considered whether a bank account in the names of two unmarried individuals was held with right of survivorship. One account holder had died and the other claimed sole ownership. The account application was in "the joint names of the undersigned as tenants by the entireties." *Sams v. McDonald*, 160 S.E.2d at 597. To define the term "tenants by the entireties" the *Sams* court reviewed case law in Tennessee, Mississippi, Oregon, Pennsylvania, South Carolina, and the District of Columbia, and treatises such as American Jurisprudence and Blackstone's Commentaries. The *Sams* court did not cite a single Georgia case addressing tenancy by the entireties. The court concluded that tenancy by the entireties is a species of joint tenancy reserved for married couples, and that where a tenancy by the entireties is stated, and the parties are not married, a joint tenancy is created unless the evidence supports a contrary intent. *Id.* at 598. Noting that the account application before the court also stated that it was for a "membership of joint holders (with right of survivorship) of a share account," the *Sams* court determined that the account in question was held with right of survivorship. *Id.* The court held

---

[3] The deed was attached to the *Trustee's Amended Notice of Filing Exhibit "1" to Objection to Claimed Exemptions and Application for Turnover* [DE 30].

that the surviving account holder was the sole owner of the account. *Id.* The *Sams* court addressed the concept of tenants by the entireties only to assist the court in determining the intent of the parties before it. There is nothing in *Sams v. McDonald* to suggest that Georgia then recognized, or now recognizes, tenancy by the entireties.

Other persuasive authority confirms that Georgia does not recognize the common law form of tenancy by the entirety. 1 Ga. Wills & Administration § 2:3 (7th ed.) ("Georgia does not authorize the creation of a tenancy by the entirety. Tenancy by the entirety has been referred to in Georgia case law as 'a species of joint tenancy' and the 'nomenclature for a joint tenancy between husband and wife.'") (citing *Sams v. McDonald*, 160 S.E.2d at 597-98); 1 Ga. Real Estate Law & Procedure § 7-80 (6th ed.) ("Entireties seem never to have been recognized in Georgia. Under our present Code, wherever two or more persons 'from any cause' are entitled to the possession simultaneously, a tenancy in common is created, and this is accepted as true equally of husband and wife as any other two grantees."); 1 Ga. Jur. Property § 5:1 ("Georgia has referred to a tenancy by the entirety as a species of joint tenancy between husband and wife. An estate by the entirety is, at common law, one created by conveyance to a husband and wife jointly, the two holding as a unit title to the whole. However, this type of joint tenancy has largely lost its relevancy now that the husband and wife are no longer one person in the law.").

Because the Debtor holds a severable interest in the Georgia Property as a tenant in common, the Debtor may not exempt her interest in the Georgia Property under section 522(b)(3)(B). The Debtor's interest in the Georgia Property is property of the estate under section 541 and may be administered by the Trustee. The Trustee's objection to the Debtor's claimed exemption with regard to the Georgia Property will be sustained.

6

*(b) Debtor's Claimed Exemption of the Vehicle under Florida Statutes section 222.25(4)*

The Debtor relies on section 222.25(4) of the Florida Statutes for a claimed exemption in $2,230.00 of the value of the Vehicle.[4] The Trustee objects to this exemption, arguing that the Debtor indirectly receives the benefits of Florida's constitutional homestead protection and thus is not eligible for the personal property exemption under section 222.25(4).

Section 222.25(4) of the Florida Statutes allows a debtor to exempt his or her interest in personal property in an aggregate value up to $4,000 "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." The Debtor may not exempt the claimed $2,230.00 interest in the Vehicle if she has also claimed or receives the benefits of Florida's constitutional homestead exemption.

The Trustee argues that the Debtor receives the benefits of Florida's constitutional homestead exemption because the Debtor's spouse has the benefit of homestead protection and the Debtor holds the Florida Property with her spouse as tenants by the entirety. The Trustee relies on *In re Franzese*, 383 B.R. 197 (Bankr. M.D. Fla. 2008). In *Franzese*, the court held that a debtor who is eligible under Florida law to claim the homestead exemption on the date of his bankruptcy petition receives the benefit of Florida's constitutional homestead exemption whether or not such exemption is specifically claimed in the bankruptcy. *Franzese*, 383 B.R. at 204-05. Under Florida law, a debtor must satisfy both an objective and a subjective test to be eligible to claim the Florida constitutional homestead exemption. *Id.* at 203 (citing *Hillsborough Inv. Co. v. Wilcox*, 13 So. 2d 448, 452 (Fla. 1943)). In *Franzese*, the debtor owned his home with his non-

---

[4] The Debtor claims an exemption in $1,000.00 of the value of the Vehicle under the independent automobile exemption provision, section 222.25(1) of the Florida Statutes. The claimed $2,230.00 exemption represents the remainder of the $4,000.00 exemption available under section 222.25(4), after application of the exemption to other personal property. The Debtor's amended Schedule C [DE 25] includes claimed exemptions for "Cash on Hand" in the amount of $35.00 and "Furs and Jewelry" in the amount of $1,735.00, both under section 222.25(4). The Trustee did not object to these claimed exemptions.

7

filing spouse and claimed his homestead property exempt as a tenancy by the entirety under section 522(b)(3)(B). *Id.* at 201. The debtor filed a statement of intention to reaffirm the debt on the home and continued to reside at the home with his spouse. *Id.* at 201, 204. The *Franzese* court found that the debtor satisfied the objective test by actually using and occupying the home. *Id.* at 204. The court also found that the debtor demonstrated an intent to permanently remain in the home -- thereby satisfying the subjective test -- by failing to surrender the home, filing a statement of intention to reaffirm the debt on the home, and attempting to shield the home from creditors by claiming it exempt under section 522(b)(3)(B). *Id.* The debtor in *Franzese* argued that he received no benefit from Florida's constitutional homestead exemption because he claimed the property exempt as a tenancy by the entirety. *Id.* at 204. The *Franzese* court rejected this argument and held that a debtor who is eligible to claim Florida's constitutional homestead exemption automatically receives the benefit of it under Florida law whether or not the debtor affirmatively claims the exemption. *Id.* at 205, 209.

Consistent with *Franzese*, several other courts have given an expansive interpretation to the phrase "receive the benefits" in section 222.25(4) of the Florida Statutes. These courts hold that a debtor eligible to claim the homestead protection under Florida law automatically receives the benefit of the exemption unless the debtor demonstrates a clear intent to abandon the homestead property. *In re Archer*, 416 B.R. 900, 902 (Bankr. S.D. Fla. 2009); *In re Kent*, 411 B.R. 743, 756 (Bankr. M.D. Fla. 2009); *In re Brown*, 406 B.R. 568, 571 (Bankr. M.D. Fla. 2009); *In re Rogers*, 396 B.R. 100, 105 (Bankr. M.D. Fla. 2008); *In re Magelitz*, 386 B.R. 879, 884 (Bankr. N.D. Fla. 2008); *In re Morales*, 381 B.R. 917, 921 (Bankr. S.D. Fla. 2008).

The Debtor asks the Court to follow *In re Abbott*, 408 B.R. 903 (Bankr. S.D. Fla. 2009), which rejected *Franzese* and construed the phrase "receive the benefits" more narrowly. In

8

*Abbott*, the court held that a debtor who did not affirmatively claim Florida's constitutional homestead exemption and did not shield the homestead property from creditors "by some other device" did not receive the benefits of Florida's constitutional homestead exemption. *Abbott*, 408 B.R. at 912. Although a debtor who is eligible to claim Florida's constitutional homestead exemption obtains the benefit of the exemption under Florida law, "bankruptcy adds another dimension to the analysis." *Abbott*, 408 B.R. at 909. "[A] debtor in bankruptcy may cease to receive the benefits of the Homestead Exemption regardless of whether that protection could cease under the operation of Florida law alone." *Bennett*, 395 B.R. at 789. In bankruptcy, a debtor's interest in homestead property becomes property of the estate under section 541. The debtor must affirmatively claim such property exempt to prevent it from being administered by the trustee. A debtor whose homestead property may be administered by a bankruptcy trustee no longer receives the benefit of Florida's constitutional homestead exemption. Several other courts have reached the same conclusion, interpreting the phrase "receive the benefits" in this more restricted manner. *In re Bennett*, 395 B.R. 781, 790 (Bankr. M.D. Fla. 2008); *In re Hernandez*, 2008 WL 1711528 at *5 (Bankr. S.D. Fla. 2008); *see also In re Shoopman*, 2008 WL 817109 at *2. The Court finds the reasoning in *Abbott* persuasive.

This analysis "does not render the phrase 'receive the benefits of' without meaning." *Bennett*, 395 B.R. at 790. "A debtor who does not claim the Homestead Exemption may still receive its benefits in certain limited circumstances that can only be determined on a case-by-case basis, after a fact-intensive inquiry." *Id.* It is necessary for the Court to consider all of the circumstances of this case to determine whether the Debtor has by means other than directly claiming the homestead protection nevertheless achieved its protection.

9

That the Court adopts the reasoning in *Abbott* does not carry the day for this particular Debtor. When a debtor holds homestead property as a tenant by the entirety with the debtor's non-filing spouse, and the non-filing spouse is eligible to claim the homestead exemption under Florida law,[5] the debtor indirectly obtains the benefit of Florida's constitutional homestead protection. *Bennett*, 395 B.R. at 790; *Hernandez*, 2008 WL 1711528 at *5; *see also Shoopman*, 2008 WL 817109 at *2. Here, the Debtor claimed the Florida Property exempt under section 522(b)(3)(B) because it is held in tenants by the entirety with the Debtor's non-filing spouse. The Debtor conceded that her spouse makes his home at the Florida Property and intends to remain there, and so the Debtor's spouse is eligible to claim the benefits of the Florida constitutional homestead exemption. The Trustee would not be able to administer the Florida Property even for the benefit of joint creditors because the Debtor's non-filing spouse is protected by the constitutional homestead provision. As a result, the Debtor indirectly receives the benefit of the Florida homestead exemption, making her ineligible for the personal property exemption claimed under section 222.25(4) of the Florida Statutes.

The Trustee's objection to the Debtor's claimed exemption in $2,230.00 of the value of the Vehicle will be sustained.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  The Debtor's Motion for Summary Judgment [DE 52] is DENIED.

2.  Summary judgment is granted in favor of the Trustee. The Court will enter a separate order sustaining the Trustee's Objection to Exemptions [DE 27] consistent with this Order.

---

[5] It is possible that a debtor's non-filing spouse may not be eligible to claim the Florida homestead protection. For example, a debtor and her spouse could be estranged, although still married, with the non-filing spouse living elsewhere and not intending to return to the debtor's homestead. Under those facts, the non-filing spouse could not claim Florida's homestead protection with regard to the debtor's homestead, because such property would no longer be the homestead of the non-filing spouse.

10

###

Copies furnished to:

Michael R. Bakst, Esq.
222 Lakeview Ave #800
West Palm Beach, FL 33401

*Michael R. Bakst, Esq. shall serve a conformed copy of this Order on all parties in interest and file a certificate of service with the clerk of the Court.*